# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

IRA SUBER,
    Plaintiff,

vs

JAMES F. MAUS,
    Defendant.

Case No. 1:18-cv-143

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Federal Correctional Institute in Ashland, Kentucky (FPC Ashland), brings this "Verified Complaint for Declaratory Judgment," pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 1). Plaintiff names James F. Maus, a federal public defender, who allegedly represented plaintiff in a criminal matter, as the sole defendant. (*See id.*, at PageID 1-2). Plaintiff has paid the filing fee.

This matter is before the Court for a s*ua sponte* review of the complaint (Doc. 1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x

787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

I.  Screening of Complaint

   A.  Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Complaint**

Although styled as a declaratory judgment action, plaintiff's complaint raises claims concerning "a criminal matter in this court in Case No. 1:13-CR-019," in which plaintiff alleges that defendant represented him. (Doc. 1, at PageID 4). Plaintiff states that he pleaded guilty in that matter and was sentenced to "151 months." (*See id.*, at PageID 2-4).

The Declaratory Judgment Act, 28 U.S.C. § 2201, cannot be used as a substitute for appeal, habeas corpus, coram nobis, or other remedial procedure. *See Forsythe v. State of Ohio*, 333 F.2d 678, 679 (6th Cir. 1964); *see also*, *Rivera v. Michigan*, No. 1:06-cv-783, 2007 WL

431025, at *1 (W.D. Mich. Feb. 5, 2007) (citing numerous cases).

Because statements in plaintiff's complaint make it clear that he is challenging his conviction in Case No. 1:13-CR-019,[1] plaintiff's claim is not cognizable in this action and his complaint should be dismissed. *See Forsythe*, 333 F.2d at 679; *see also Abdel-Whab v. United States*, 175 F. App'x 528, 528 (3d Cir. 2006) (affirming the dismissal of a complaint where the plaintiff sought a ruling under the Declaratory Judgment Act that his conviction was invalid).

Accordingly, in sum, the complaint (Doc. 1) should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1.  The plaintiff's complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Plaintiff alleges, for instance, that he was "coerce[d] . . . to accept the plea deal." (*See* Doc. 1, at PageID 4).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

IRA SUBER,
    Plaintiff,

vs

JAMES F. MAUS,
    Defendant.

Case No. 1:18-cv-143

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).