# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| IRA SUBER,<br>    Plaintiff, | Case No. 1:18-cv-143 |
| vs | Dlott, J.<br>Bowman, M.J. |
| JAMES F. MAUS,<br>    Defendant. | **ORDER AND SUPPLEMENTAL<br>REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Federal Correctional Institution in Ashland, Kentucky (FPC Ashland), filed a "Verified Complaint for Declaratory Judgment," pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 1). Plaintiff named James F. Maus, a federal public defender who allegedly represented plaintiff in a criminal matter in this Court, as the sole defendant. (*See id.*, at PageID 1-2). On March 26, 2018, the undersigned issued a Report and Recommendation, recommending that the complaint be dismissed under the screening requirements of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. (Doc. 6). The undersigned found that plaintiff sought to challenge the validity of his criminal conviction, which is an impermissible use of the Declaratory Judgment Act. *See Forsythe v. State of Ohio*, 333 F.2d 678, 679 (6th Cir. 1964). On April 23, 2018,[1] plaintiff filed an objection (Doc. 11) to the March 26, 2018, Report and Recommendation, which is currently pending before the District Court. This matter is now before the undersigned on plaintiff's April 16, 2018 motion to file an amended complaint. (Doc. 10).

    **A.**    **Plaintiff's Motion to File an Amended Complaint**

Plaintiff's motion to amend the complaint (Doc. 10) is **GRANTED**. *See LaFountain v.*

---

[1] Plaintiff sought and was granted an extension of time in which to file his objection. (*See* April 6, 2018, Notational Order, granting plaintiff until April 23, 2018, in which to file his objection).

*Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (permitting a district court to allow a plaintiff to amend a complaint even when the complaint is subject to dismissal under the PLRA). Because the amended complaint incorporates by reference allegations from the initial complaint and refers to an exhibit filed with the initial complaint (*see* Doc. 10-1, at PageID 39), the undersigned understands the amended complaint to be a supplemental amended complaint that adds new claims to the lawsuit. Plaintiff's supplemental amended complaint is now subject to a *sua sponte* review, in accordance with the standards set forth in detail in the March 26, 2018 Report and Recommendation (Doc. 6, at PageID 20-22), which are incorporated by reference herein, to determine whether the supplemental complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See also* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

      **B.**    **Screening of Supplemental Amended Complaint**

In the supplemental amended complaint (Doc. 10-1), plaintiff seeks to add claims for monetary damages against Maus under 42 U.S.C. §§ 1985 and 1986, as well as under state-law theories of fraud, intentional infliction of emotional distress, civil conspiracy, and fraudulent concealment. (*See* Doc. 10-1, at PageID 38, 42-46). For the reasons below, the federal claims in plaintiff's supplemental amended complaint should be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims.

Section 1985 prohibits conspiracies to deprive a person of equal protection of the laws. *See Webb v. United States*, 789 F.3d 647, 671-72 (6th Cir. 2015). "Section 1986 prohibits the

aiding and abetting of violations of § 1985 and thus is derivative of § 1985." *Nicolson v. City of Westlake*, 76 F. App'x 626, 629 (6th Cir. 2003) (citing *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980)). Plaintiff asserts that Maus, "by conspiring with other known and unknown actors . . ., deprived [plaintiff] of his right to equal protection of the laws, or of equal privileges and immunities under the laws by providing [plaintiff] materially false information." (Doc. 10-1, at PageID 40-41). Plaintiff alleges that "[b]ut for the materially false statements and information provided by [Maus], [plaintiff] would have made substantially different decisions regarding his judicial proceeding, with better results and outcomes for [plaintiff]." (*Id.*, at PageID 40).

Plaintiff has failed to state a cognizable § 1985 claim against Maus. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner cannot state a cognizable claim for damages under § 1985 if a ruling on the claim "would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 486-87).

In his claim under § 1985, plaintiff continues to attack the lawfulness of his conviction. However, he has not shown that his criminal conviction has been set aside. Therefore, under *Heck*, he is barred from bringing a § 1985 claim at this time. *See Lanier*, 332 F.3d at 1005-06. Plaintiff's derivative claim under § 1986 likewise fails to state a claim. *See Browder*, 630 F.2d at 1155 (stating that there can be no violation of § 1986 without a predicate violation of § 1985).

Because plaintiff has failed to state a cognizable federal claim for relief, the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims pursuant to 28

3

U.S.C. §1367(c)(3).

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS without prejudice** plaintiff's claims under 42 U.S.C. §§ 1985 and 1986, the sole federal claims presented in plaintiff's supplemental amended complaint, for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). Moreover, it is **RECOMMENDED** that the Court **DECLINE to exercise supplemental jurisdiction** over plaintiff's remaining state-law claims and that the Court **DISMISS** these claims **without prejudice**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to amend the complaint (Doc. 10) is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **ADOPT in its entirety** the March 26, 2018 Report and Recommendation (Doc. 6), recommending that plaintiff's Declaratory Judgment Act claim be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court **DISMISS without prejudice** plaintiff's claims under 42 U.S.C. §§ 1985 and 1986, the sole federal claims presented in plaintiff's supplemental amended complaint, for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

3. The Court **DECLINE to exercise supplemental jurisdiction** over plaintiff's remaining state-law claims and that the Court **DISMISS** these claims **without prejudice**. 28 U.S.C. §1367(c)(3).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing

reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| IRA SUBER, | Case No. 1:18-cv-143 |
|     Plaintiff, | |
| | Dlott, J. |
| vs | Bowman, M.J. |
| | |
| JAMES F. MAUS, | |
|     Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).